IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SURE FIT INC., ) | |
| ) | |
|     Plaintiff, ) | CIVIL ACTION NO. |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| GLOBAL HOMEWARES GROUP LTD., ) | |
| ) | |
|     Defendant. ) | |

## COMPLAINT

Plaintiff Sure Fit Inc. ("Sure Fit") states as follows for its Complaint against defendant Global Homewares Group Ltd. ("Global Homewares"):

## THE PARTIES

1. Sure Fit is a Delaware corporation with its principal place of business at 8000 Quarry Road, Alburtis, Pennsylvania 18011.

2. On information and belief, Global Homewares is a Delaware corporation with its principal place of business at 10 North Martingale Road #400, 286, Schaumburg, Illinois 60173. On information and belief, Global Homewares is authorized to do and is doing business in Illinois and in this judicial district.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, et. seq., including 35 U.S.C. § 271. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, in that one or more of Sure Fit's

claims arise under the laws of the United States, as well as 28 U.S.C. §1338, granting district courts original jurisdiction over any civil action regarding patents.

4. On information and belief, this Court has specific and personal jurisdiction over Global Homewares pursuant to due process and/or the Illinois Long Arm Statute, due at least to Global Homewares' substantial business in this forum, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent causes of conduct, and/or deriving substantial revenue from goods and services provided to persons and other entities in Illinois and this judicial district.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Global Homewares has purposely transacted business in this judicial district and has committed acts of joint, direct, and/or indirect infringement in this judicial district.

## COUNT I
### (Infringement of United States Patent No. 7,422,281)

6. On September 9, 2008, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,422,281 (the "'281 Patent"), entitled "Knit Form-Fit Slipcover," to Sure Fit. A copy of the '281 Patent is attached as Exhibit A.

7. Sure Fit is the owner by assignment of all right, title and interest in and to the '281 Patent.

8. The '281 Patent is valid and enforceable.

9. Sure Fit has complied with the marking requirements of 35 U.S.C. § 287 with respect to the '281 Patent.

10. Global Homewares is directly and/or indirectly infringing at least one claim of the '281 Patent in this judicial district and elsewhere by, among other things, making, using, offering

for sale, selling and/or importing infringing products, including its infringing Furniture Skins slip covers, and will continue to do so unless enjoined by this Court.

11. Global Homewares' infringing activities were taken with full knowledge and with notice that it was in violation of Sure Fit's patent rights. Sure Fit expressly notified Global Homewares that Global Homewares is infringing the '281 Patent (see Exhibit B), and Sure Fit has tried to resolve this matter without judicial intervention. However, Global Homewares has refused to discontinue its infringing activities.

12. Global Homewares' infringement has damaged Sure Fit and will continue to injure Sure Fit, unless and until such infringement is enjoined by this Court.

13. Pursuant to 35 U.S.C. § 283, Sure Fit is entitled to injunctive relief in accordance with the principles of equity to prevent the further infringement of its patent rights.

14. Pursuant to 35 U.S.C. § 284, Sure Fit is entitled to damages adequate to compensate for Global Homewares' infringement, although in no event less than a reasonable royalty, together with interest and costs to be taxed to Global Homewares.

15. Global Homewares' infringing activity brings this cause within the ambit of the exceptional case contemplated by 35 U.S.C. § 285, and thus Sure Fit requests an award of its attorneys' fees incurred in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Sure Fit respectfully requests that this Court enter:

A. A judgment in favor of Sure Fit that Global Homewares has infringed the '281 Patent;

B. A permanent injunction enjoining Global Homewares, its members, officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents

and all others acting in active concert or privity therewith from direct, indirect and/or joint infringement of the '281 Patent pursuant to 35 U.S.C. § 283;

 C. An award of damages to Sure Fit pursuant to 35 U.S.C. § 284 to compensate for Global Homewares' infringement of the '281 Patent, and a trebling of the damages awarded to Sure Fit pursuant to 35 U.S.C. § 284;

 D. An order finding this an exceptional case under 35 U.S.C. § 285 and awarding Sure Fit its reasonable attorneys' fees incurred in this action; and

 E. Such other relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Sure Fit requests a trial by jury on all issues so triable, pursuant to Fed. R. Civ. P. 38.

Respectfully submitted,

**THOMPSON COBURN LLP**

Date: June 21, 2016  By: /s/ *Michael A. Parks*
Michael A. Parks (6217230)
mparks@thompsoncoburn.com
Michelle Ware Skinner (6277745)
mskinner@thompsoncoburn.com
THOMPSON COBURN LLP
55 East Monroe Street
Chicago, Illinois 60603
(312) 346-7500
(312) 580-2201 (fax)

*Attorneys for Plaintiff Sure Fit Inc.*